IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAUL REED CONSTRUCTION &
SUPPLY, INC., a Nebraska corporation,

      Plaintiff and
      Counter Defendant,

   vs.

ARCON, INC., a Colorado corporation,

      Defendant and Counter
      Claimant.

_____

ARCON, INC., a Colorado corporation,

      Third-Party Plaintiff,

   vs.

WS COMPANY, a South Dakota
corporation,

      Third-Party Defendant.

**CASE NO. 8:12CV48**

**MEMORANDUM
AND ORDER**

This matter is before the Court on the Motion for Leave to Amend and Motion for Reconsideration (Filing No. 124) filed by Third-Party Defendant Western Surety Company ("WS") on January 22, 2014; the Motion to Strike (Filing No. 131) filed by Third-Party Plaintiff Arcon Inc. ("Arcon") on February 5, 2014; and the Motion for Leave (Filing No. 132) filed by WS on February 6, 2014, through which WS seeks leave to supplement certain filings so as to render Arcon's Motion to Strike moot. For the reasons stated below, WS's Motions for Leave to Amend and for Reconsideration will be denied, and Arcon's Motion to Strike and WS's Motion for Leave will be denied as moot.

## BACKGROUND

The Nebraska Department of Roads ("NDOR") had a construction project in Keith County, Nebraska (the "Project").  NDOR and Upper Plains Contracting, Inc. ("UPCI") entered into a contract, in which UPCI served as general contractor for the Project. Subsequently, UPCI entered into a subcontract with Paul Reed Construction & Supply, Inc. ("PRC"), for the performance of a certain portion of UPCI's scope of work on the Project.  Thereafter, PRC entered into a subcontract with Arcon for the performance of certain aspects of the Project.  WS furnished payment and performance bonds with UPCI as the principal, NDOR as an obligee, and the Project subcontractors and suppliers as additional obligees.

On February 3, 2012, Arcon filed a Third-Party Complaint against WS (Filing No. 3) seeking damages for breach of WS's payment bond with UPCI.  On April 6, 2012, WS filed its Answer to Arcon's Third-Party Complaint (Filing No. 27).  In its Answer WS included the following paragraph under the heading "AFFIRMATIVE DEFENSES":

> Third-Party Defendant [WS] hereby submits the following affirmative defenses to Arcon's Third-Party Complaint, and reserves the right to amend and supplement any further affirmative defenses that may be supported by discovery herein as follows: Breach of subcontract duties and obligations owed Plaintiff Paul Reed; waiver; estoppel; unclean hands; barratry; violation of Federal Rule of Civil Procedure 11; failure to name the real party in interest; and as mentioned for such other and further affirmative defenses as may become apparent during discovery.

(Filing No. 27 at 4.)

On April 23, 2012, the Court adopted and entered a Scheduling Order requiring WS to file any motions to amend pleadings by July 11, 2012.  (Scheduling Order, Filing No. 30, 3, ¶7(c).)

2

On October 10, 2013, WS filed a Motion for Summary Judgment. (Filing No. 80). In its supporting Brief, under the heading "Defective Notice," WS argued that Arcon failed to provide adequate notice of its claim under Neb. Rev. Stat. § 52-118.01. (WS's Summary Judgment Br., Filing No. 81, 8.)

On November 19, 2013, Arcon filed its brief in opposition to WS's Motion for Summary Judgment ("Arcon's SJ Br.") in which Arcon argued that WS did not properly plead untimely notice in its Answer and that "[a]ny such belated argument at this stage regarding an alleged 'defective notice' has been effectively waived." (Filing No. 100, 26.) In the argument section of WS's Summary Judgment Reply Brief ("SJ Reply Br.," Filing No. 104), WS did not respond to Arcon's assertion that the untimely notice defense was waived. The only response WS provided regarding Arcon's claim that the defense of untimely notice had been waived was in a section of the SJ Reply Br. labeled "Reply to Arcon's Response and Objections to WS's Statement of Material Facts," wherein WS asserted that:

> Arcon's alleged Material Fact No. 17 [stating that WS "does not allege, plead or assert any . . . allegation in its Answer regarding Arcon's notice or the timeliness of Arcon's notice" (Filing No. 100 at 17)] relates to [WS's] affirmative defenses. Arcon would have this Court overlook that part of [WS's] affirmative defenses which states that its affirmative defenses include "such other and further affirmative defenses as may become apparent during discovery." [WS's] Summary Judgment Motion is based upon facts developed during discovery. Arcon's objections are based almost exclusively on discovery matters.

(Filing No. 104 at 2, 8.)

On January 16, 2014, the Court denied WS's Motion for Summary Judgment stating that while it appeared that Arcon had not complied with the requirements of Neb. Rev. Stat. § 52-118.01, and "such deficiencies may provide [WS] with an affirmative

3

defense to Arcon's claim, [WS] raised no such affirmative defense in its Answer (Filing No. 27) and such a defense may not be asserted otherwise. *See* Fed. R. Civ. P. 8(c)." (Memorandum and Order, Filing No. 121, 17.)

In its Motion for Leave to Amend and Motion for Reconsideration, WS now claims that it "asserted the defense and/or affirmative defense of defective notice by (a) expressly denying the notice element of Arcon's claim, (b) raising estoppel and/or waiver in the Answer, and (c) underpinning its estoppel and/or waiver defense with facts that relate to notice in the Rule 26(f) report." (Filing No. 124 ¶ 12.)

On April 16, 2012, a 75-page Rule 26(f) Report was filed in this case (Filing No. 29). In the Rule 26(f) Report WS asserted that:

> [WS's] Second Affirmative Defense is that Arcon waived and/or is estopped from asserting any claim under the bond. On information and belief, Arcon never gave either the Nebraska Department of Roads or Upper Plains Contracting, Inc., as the parties to the bond any notice of its alleged delays and resulting costs, and the State Department of Roads and Upper Plains were denied the opportunity of investigating and timely determining the nature and the extent or validity of any such claims.

(Filing No. 29, 49.)

## STANDARDS

A belated motion to amend a pleading to include an affirmative defense outside of the court's scheduling order implicates "three different federal rules of civil procedure": Rule 8(c), Rule 16(b), and Rule 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714-15 (8th Cir. 2008). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Id.* at 716. "While the prejudice to the nonmovant resulting from modification of the scheduling order may also

4

be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 717.

## Rule 8(c)

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c)(1).  "Rule 8(c) identifies a nonexhaustive list of affirmative defenses that must be pleaded in response [to a complaint]."  *Jones v. Bock*, 549 U.S. 199, 212 (2007).  "'Generally, failure to plead an affirmative defense results in a waiver of that defense.'  However, 'when an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal.'" *Sherman*, 532 F.3d at 715 (quoting *First Union Nat'l Bank v. Pictet Overseas Trust Corp.,* 477 F.3d 616, 622 (8th Cir.2007)).

## Rule 16(b)

Scheduling orders issued pursuant to Fed. R. Civ. P. 16(b) "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16 (b)(3)(A).  When a scheduling order is issued pursuant to Fed. R. Civ. P. 16(b), the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Therefore, "if a party files for leave to amend [a pleading] outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488,497 (8th Cir. 2008)) (internal quotation marks omitted).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716 (quoting *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006)) (internal quotation marks omitted).

5

**Motions for Reconsideration**

This Court's local rules at one point addressed motions for reconsideration, *see* NECivR 60.1 (2009), and included a standard of review for such motions, which stated:

> Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c) (2009).   Because, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration," *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999), this local rule was removed in 2010. *See* 2010 Amendments to Local Rules – Summary of Changes, available at: http://www.ned.uscourts.gov/attorney/local-rules. Nevertheless, the Eighth Circuit has found that when a motion for reconsideration is filed and addresses a nonfinal order, it is properly construed as a Rule 60(b) motion. *Broadway*, 193 F.3d at 989.   Still, such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)) (internal quotation marks omitted).

## ANALYSIS

WS argues that it properly pled untimely notice as an affirmative defense, but WS also argues that timely notice is an element of Arcon's claim that Arcon must prove.[1] WS further suggests that timely notice may be a jurisdictional requirement of Arcon's claim.

---

[1] The Court notes that the parties have not fully briefed issues related to the elements of Arcon's claim on which it bears the burden.  This Order applies only to the extent that untimely notice is affirmative defense.

Throughout these proceedings, both WS and Arcon have referred to untimely notice under Neb. Rev. Stat. § 52-118.01 as an affirmative defense.  In its previous Order, the Court agreed with the parties' characterization of untimely notice as an affirmative defense.  Whether untimely notice is an affirmative defense is a question of Nebraska state law. *See First Union Nat. Bank*, 477 F.3d at 622 (citing *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) ("In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law.")).

Although Nebraska courts have not ruled on the precise issue before this Court, case law in other jurisdictions applying the federal Miller Act and other states' laws patterned after the Miller Act supports the Court's analysis in its earlier Memorandum and Order (Filing No. 212), in which the Court viewed untimely notice as an affirmative defense under Neb. Rev. Stat. § 52-118 that must be pled in accordance with Fed. R. Civ. P. 8(c).[2]  *See U.S. for Use & Ben. of B & R, Inc. v. Donald Lane Const.*, 19 F. Supp. 2d 217, 222 (D. Del. 1998) (classifying untimely notice under the federal Miller Act as an affirmative defense); *U.S. Dep't of Navy for Benefit of Andrews v. Delta Contractors Corp.*, 893 F. Supp. 125, 126 (D.P.R. 1995)) (stating that a defendant had waived the affirmative defense concerning adequacy of the required notice under the Miller Act); *Specialty Products & Insulation Co. v. St. Paul Fire & Marine Ins. Co.*, 788 N.E.2d 604 (N.Y. 2003) (considering untimely notice an affirmative defense under New York's

---

[2]. UPCI's Payment Bond was required by Neb. Rev. Stat. § 52-118, which is a Nebraska statute "patterned after [a federal statute] known as the Miller Act . . . ." *McElhose v. Universal Sur. Co.*, 158 N.W.2d 228, 234 (Neb. 1968).  Nebraska courts interpret Neb. Rev. Stat. § 52-118 *et seq.*, the state's "little Miller Act," in a manner similar to the federal Miller Act. *Id.*

7

statute patterned after the Miller Act); *Dutchess Quarry & Supply Co. Inc. v. Firemen's Ins. Co. of Newark, N.J.*, 190 A.D.2d 36, 37 (N.J. 1993) (referring to noncompliance with the notice provision in the state's "little Miller Act" as an affirmative defense); *Maricopa Turf, Inc. v. Sunmaster, Inc.*, 842 P.2d 1370, 1376 (Ariz. Ct. App. 1992) (referring to untimely notice as an affirmative defense with regard to Arizona's "little Miller Act"); *Gergora v. R. L. Lapp Forming, Inc.*, 619 F.2d 387, 390 (5th Cir. 1980) (finding a party's argument that notice was not timely for claims under a bond should have been raised as an affirmative defense in the district court under Florida's "little Miller Act"); *see also* Miller Act Litigation, 7 Am. Jur. Trials 279 § 52 (Originally published in 1964) (suggesting that improper notice should be affirmatively pled in Miller Act cases).

Because the law supports this Court's finding that untimely notice is an affirmative defense under Nebraska's "little Miller Act," timely notice is not a jurisdictional requirement for Arcon's claim.  Further, because WS did not articulate any argument in its summary judgment briefs suggesting that timely notice is an element of Arcon's claim, the Court will not decide at this juncture whether Arcon has met its burden, if any, related to notice.[3]

### Waiver Under Rule 8(c)

In its previous Memorandum and Order, the Court held that WS waived its untimely notice defense when it failed to assert that affirmative defense in its Answer. In the briefing that preceded that Memorandum and Order, WS did not argue that its affirmative defense should remain viable because it was raised in a manner "that

---

[3] "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." NECivR 7.1(1)(A).

8

[would] not result in unfair surprise" to Arcon, *see Sherman*, 532 F.3d at 715 (quoting *First Union Nat'l Bank,* 477 F.3d at 622), nor did WS claim to have pled untimely notice in any manner.  Instead, WS claimed that "its affirmative defenses include[d] 'such other and further affirmative defenses as may become apparent during discovery[,]" and that "Arcon's objections [regarding WS's failure to plead untimely notice] are based almost exclusively on discovery matters."   (Filing No. 104 at 8.)

Now, WS argues that its untimely notice defense was properly pled as "waiver" and "estoppel," and that such pleading, coupled with the description given to those defenses in the Rule 26(f) Report, should excuse WS from pleading untimely notice as an affirmative defense.  WS claims that it "styled its notice defense as waiver or estoppel . . . because Rule 8(c) does not set forth 'lack of notice' in its list of affirmative defenses."  (WS's Reply Br. in Support of its Motion for Leave to Amend, Filing No. 128, 9.)

Rule 8(c)'s list of affirmative defenses is not exhaustive, but the Rule does require parties to "affirmatively state <u>any</u> avoidance or affirmative defense . . . ." (emphasis supplied).  Even if WS could demonstrate that its failure to plead untimely notice as an affirmative defense was a "technical failure to comply with Rule 8(c) [that was] not fatal[,]" it failed to make such an argument during briefing of the summary judgment motion, and this Court now will apply the Rule 16(b) good-cause standard when considering WS's Motion to Amend.  *See Sherman*, 532 F.3d at 715 (applying the 16(b) good-cause standard on a motion to amend).

9

**Good Cause Under Rule 16(b)**

Because the Scheduling Order's deadline for amending pleadings has passed, the Court must apply the Rule 16(b) good-cause standard before considering whether an amendment is proper under Rule 15(a).  *See Sherman*, 532 F.3d at 716.

As noted above, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716.  Here, WS claims it believed it was in full compliance with Rule 8(c) and only became aware of its technical failure to comply with Rule 8(c) on January 16, 2014, when the Court denied its Motion for Summary Judgment.  The scheduling order required WS to amend any pleadings by July 11, 2012.  The Rule 26(f) Report indicates that WS intended to raise untimely notice as an affirmative defense as early as April 16, 2012.  At the very latest, WS became aware of its possible non-compliance with Rule 8(c) on November, 19, 2013, when the issue was raised in Arcon's SJ Br.; however, WS waited to move to amend its Answer until January 16, 2014, more than one year and six months after the Scheduling Order's deadline.

Accordingly, WS has not demonstrated its diligence in attempting to meet the deadlines in the scheduling order.  Because the Court has not found good cause to amend the scheduling order, the Court need not consider prejudice to Arcon or the Rule 15(a) requirements.  *See Sherman*, 532 F.3d at 717.  WS's Motion for Leave to Amend will be denied.

**Motion for Reconsideration**

WS presents two arguments in support of its request that the Court provide relief under Rule 60(b):  (1)  if the Court grants the Motion for Leave to Amend, the grounds

that underpinned the Court's disposition of WS's motion for summary judgment will no longer exist; and (2) if the Court denies the Motion for Leave to Amend, the Court should grant the Motion for Reconsideration because the Court inadvertently failed to consider the interplay between WS's Answer and the parties' Rule 26(f) Report, and the Court inadvertently failed to consider case law stating that a Rule 26(f) report may help illuminate a party's pleadings.[4]

WS's Motion to Amend will be denied; therefore, the Court will only discuss WS's second argument.   The Court notes that WS did not direct the Court to the Rule 26(f) Report at summary judgment nor did WS at that time direct the Court to any law that may have excused WS from properly asserting its affirmative defense in its Answer. The Court will not apply Rule 60(b), a rule reserved for "correct[ing] manifest errors of law or fact or to present newly discovered evidence[.]" *See Arnold*, 627 F.3d at 721. WS's Motion for Reconsideration will be denied.  Accordingly,

IT IS ORDERED:

1.   Western Surety Company's Motion for Leave to Amend (Filing No. 124) is denied;

2.   Western Surety Company's Motion for Reconsideration (Filing No. 124) is denied; and

---

[4] WS argues that the Court should have found that its untimely notice affirmative defense was sufficiently pled based on two unpublished opinions, *Mark v. Gov't Properties Trust, Inc.*, 8:06cv769, 2007 WL 1319712 (D. Neb. Apr. 5, 2007) and *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, 8:10cv365, (D. Neb. May 18, 2011).  Neither case provides, as a matter of law, that a party's failure to plead an affirmative defense is excused based on the contents of a Rule 26(f) report.

3.      Arcon's Motion to Strike (Filing No. 131) and Western Surety Company's

Motion for Leave (Filing No. 132) are denied as moot.

Dated this 13th day of February, 2014.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge