# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL REED CONSTRUCTION & SUPPLY, INC., a Nebraska corporation, | ) ) ) ) |
| Plaintiff, | ) 8:12CV48 ) ) |
| V. | ) ) ORDER |
| ARCON, INC., a Colorado corporation, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on the motion of Equipment Rental Source, LLC ("ERS") to intervene in this action. (Filing 141.) For the reasons set forth below, the motion will be denied.

## BACKGROUND

The Nebraska Department of Roads ("NDOR") had a construction project in Keith County, Nebraska (the "Project"). NDOR and Upper Plains Contracting, Inc. ("UPCI") entered into a contract in which UPCI served as general contractor for the Project. UPCI then entered into a subcontract with Paul Reed Construction & Supply, Inc. ("PRC") for the performance of a certain portion of UPCI's scope of work on the Project. Subsequently, PRC entered into a subcontract with Arcon, Inc. ("Arcon") for the performance of certain aspects of the Project. UPCI procured a payment bond from Western Surety Company ("WSC").

ERS, a family-owned and operated construction equipment rental company operating out of Castle Rock, Colorado, entered into written agreements with Arcon to supply equipment to Arcon for construction work in connection with the Project. According to ERS, Arcon owes it $102,672.11 for services ERS provided in connection with the Project.

On January 27, 2012, PRC filed this action in the District Court of Scotts Bluff, Nebraska. The case was removed to this Court on February 3, 2012. (Filing 1.) Among other things, the Complaint alleges that "Arcon entered into an agreement with [ERS] to furnish and supply heavy equipment to Arcon for use on the Project;" "ERS has submitted a claim against the UPCI Bond in the amount of $102,672.11 for equipment and/or materials;" and "Arcon is contractually required to pay or otherwise satisfy . . . the ERS Bond Claim." (Id.) In response to the Complaint, Arcon filed a counterclaim, seeking to recover for PRC's alleged breach of contract, including "[f]ailure to pay Arcon for the labor, equipment and materials Arcon and Arcon's subcontractors and suppliers performed or supplied on the Project." (Filing 2.) Arcon also filed a Third-Party Complaint against WSC, seeking to recover $359,396.01, which, according to ERS, includes the amount owed to ERS. (Filing 3.)

ERS filed its motion to intervene on September 16, 2014. The final pretrial conference is scheduled for September 29, 2014. Trial is set to begin on October 21, 2014. PRC and WSC have advised the Court that they do not object to the motion, provided that the case be continued on a limited basis to allow time for the parties to respond to ERS's proposed Third-Party Complaint. Arcon opposes ERS's motion. Arcon further asserts that should the motion to intervene be granted, the Offer of Judgment served upon it by PRC on October 17, 2013 should be stricken. PRC asserts, however, that the Offer of Judgment need not be stricken in the event ERS is permitted to intervene.

ERS moves to intervene in this case as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as a matter or right must show that it timely filed a motion to intervene, it has a recognized interest in the litigation, its interest may be impaired by the disposition of the case, and no other party can adequately protect its interest. South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003).

Alternatively, ERS seeks to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B),

which states that the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Having reviewed the matter, the Court concludes that ERS should not be permitted to intervene in this case. ERS's motion is untimely and potentially prejudicial to existing parties. ERS acknowledges that it became aware of this suit in May of 2012, but that it did not act to intervene at that time because it was assured by counsel for PRC and Arcon that its interests were being protected. This reliance was likely misplaced, however, given that it has always been within the realm of possibility that neither company would be financially able to pay amounts owed to ERS. In any event, ERS maintains that it learned in June, 2014, that Arcon was experiencing financial difficulties and that it became concerned that Arcon would not be able to pay ERS in the event Arcon recovered in this action. Still, despite having this knowledge in June, ERS did not move to intervene in this suit until September 16, 2014, less than two weeks before the pretrial conference and approximately one month before trial. Allowing ERS to intervene at this point would prejudice the existing parties as it would require a continuance of both the pretrial conference and trial, in a case which is nearly three years old. Moreover, ERS's intervention clearly creates additional issues, including, but not limited to, how to address PRC's previous Offer of Judgment.

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (filing 141) is denied.

**DATED September 26, 2014.**

                                              **BY THE COURT:**

                                              **S/ F.A. Gossett**
                                              **United States Magistrate Judge**