IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL REED CONSTRUCTION & SUPPLY, INC., a Nebraska corporation, | CASE NO. 8:12CV48 |
| Plaintiff and Counter Defendant, | |
| vs. | MEMORANDUM AND ORDER |
| ARCON, INC., a Colorado corporation, | |
| Defendant and Counter Claimant. | |
| ARCON, INC., a Colorado corporation, | |
| Third-Party Plaintiff, | |
| vs. | |
| WESTERN SURETY COMPANY, a South Dakota corporation, | |
| Third-Party Defendant. | |

This matter is before the Court on Western Surety's Rule 59(e) Motion to Alter or Amend a Portion of the Judgment and Rule 50(b) Motion for Judgment as a Matter of Law (Filing No. 184); Arcon's Motion for New Trial or, in the Alternative, Motion to Alter or Amend Judgment (Filing No. 186); and Arcon's Motion for Attorney's Fees and Related Non-Taxable Expenses (Filing No. 181).  The Court has reviewed the parties' briefs (Filing Nos. 182, 185, 187, 188, 192, 193, 194, 196, 197, 198, 199) and takes judicial notice of the Court's file, all prior rulings, and the trial proceedings.

**I.  Western Surety's Motion to Alter or Amend Judgment**

Western Surety correctly notes that its liability to Arcon, if any, was derivative to Paul Reed's liability to Arcon under the Arcon subcontract with Paul Reed.  ("The

liability of the surety for the debt to the holder of the obligation *is no greater and no less than that of the principal.*"  *Sawyer v. State Surety Co.*, 558 N.W.2d 43, 47 (1997) (emphasis in original).)

Jury Instruction No. 19 stated that, if Arcon met its burden of proof with respect to its claim against Western Surety, Arcon's damages would be calculated based on "the amount you find is due to Arcon under the Arcon Subcontract with Paul Reed."  (Filing No. 175 at 28.)

In the course of its deliberations, the jury presented the Court with the following question:

> Do we need to put the remainder of the PRC/ARCON subcontract due into damages?  By this we mean, if we want to make sure ARCON gets the $8638.26 due from PRC referenced in Ex. 372[1], do we need to call it damages?
> $5850 demob
> $2788.26 retainage

Filing No. 171.

After conferring with counsel, and not knowing whether the jury would find in favor of Paul Reed or Arcon with respect to the Arcon Subcontract claims, the Court simply responded, "Yes."  (Filing No. 173.)

The jury found that Paul Reed *had* met its burden with respect to its breach of contract claim against Arcon; that Arcon *had not* met its burden with respect to its breach of contract claim nor its misrepresentation claim against Paul Reed; and that Arcon *had* met its burden with respect to its breach of payment bond claim against Western Surety.  The jury awarded Paul Reed $14,000.00 on its breach of contract

---

[1] Exhibit 372 reflected certain sums being withheld by Paul Reed from Arcon, due to Arcon's alleged material breach of the Arcon Subcontract.

2

claim against Arcon, and awarded Arcon $13,438.26 on its breach of payment bond claim against Western Surety.

The Court concludes that the jury intended the $13,438.26 as an offset in the amount owed by Arcon to Paul Reed, and the Judgment will be amended accordingly.

**II.  Arcon's Motion for New Trial or to Alter or Amend Judgment**

Arcon reasserts its earlier objections to the Court's jury instructions, the Court's summary judgment rulings on Arcon's quantum meruit and unjust enrichment claims, and the Court's rulings on Arcon's motions for directed verdict or judgment as a matter of law.  Those renewed objections are denied for the same reasons earlier given.

Arcon also asserts that the jury's verdict cannot stand because it reflects an award in favor of Paul Reed in the amount of interest only.  Arcon asserts that, while interest may constitute damages incident to the recovery of a principal debt, an action for interest alone cannot stand absent a contractual agreement to the contrary.  (Arcon's Brief, Filing No. 187 at 5-11.)  The case precedents on which Arcon relies concerned actions brought to recover interest on principal sums due.  Here, Paul Reed presented evidence that Arcon's breaches of contract caused the project's general contractor, Upper Plains Contracting, Inc., to withhold certain payments from Paul Reed, thereby requiring Paul Reed to initiate a certain line of credit and incur certain expenses it otherwise would not have incurred.  It was up to the jury to determine with "reasonable certainty" what damages, if any, Paul Reed "reasonably incurred" as a result of Arcon's breach.  (Jury Instruction No. 10, Filing No. 175 at 13.)  Arcon's Motion for New Trial or, in the Alternative, Motion to Alter or Amend Judgment will be denied.

### III.  Arcon's Motion for Attorney's Fees and Non-Taxable Expenses

Arcon's Motion for Attorney's Fees and Related Non-Taxable Expenses (Filing No. 181) is based on Nebraska statutes that authorize payment of attorney's fees and costs to a prevailing party who brings a claim on an insurance policy.  Because the Court finds that the Judgment should be amended to reflect the $13,438.26 as an offset against Paul Reed's judgment against Arcon, and not as an award in favor of Arcon and against Western Surety, Arcon's Motion for Attorney's Fees and Related non-Taxable Expenses will be denied.

IT IS ORDERED:

1.  Western Surety's Rule 59(e) Motion to Alter or Amend a Portion of the Judgment and Rule 50(b) Motion for Judgment as a Matter of Law (Filing No. 184) is granted in part, and follows:

> The Judgment (Filing No. 180) will be amended to reflect judgment in favor of Plaintiff Paul Reed Construction & Supply, Inc., and against Defendant Arcon, Inc., in the net amount of $561.74, and judgment in favor of Western Surety Company on Arcon, Inc.'s breach of payment bond claim; and

the Motion is otherwise denied;

2.  Arcon's Motion for New Trial or, in the alternative, Motion to Alter or Amend Judgment (Filing No. 186) is denied;

3.  Arcon's Motion for Attorney's Fees and Related Non-Taxable Expenses (Filing No. 181) is denied; and

4.  An Amended Judgment will be issued.

Dated this 22nd day of December, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge